**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **A.M.,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 26-7891** |
| | : | |
| **J.L. JAMISON, *et al.*,** | : | |
| **Respondents.** | : | |

**O R D E R**

E.A.A.M., who is represented by counsel, petitions for habeas relief, urging that DHS violated the Due Process Clause, the Accardi doctrine, and the Immigration and Nationality Act. 8 U.S.C. § 2241; (Doc. No. 1.). The Government opposes E.A.A.M.'s request for relief. (Doc. No. 8.) I will deny the Petition.

E.A.A.M. is a native of Venezuela, who illegally entered the United States on December 5, 2022. (Doc. No. 1 ¶¶ 1, 2, 18.) DHS detained and processed E.A.A.M. before releasing him to live in Delaware County. (Id. ¶ 19.) He subsequently applied for asylum and received employment authorization valid through October 17, 2028. (Id. ¶ 21; Doc. 1-3 at 4, 6.) On October 14, 2026, DHS officials detained E.A.A.M. when he reported for a routine check-in, giving rise to the present Petition. (Id. ¶ 22; Doc. No. 1-3 at 10.) E.A.A.M. requested a hearing before an Immigration Judge. (Doc. No. 8-1.)

In contrast with most recent habeas petitions before this Court, there is no dispute that ICE detained E.A.A.M. under § 1226(a) and thus must afford him a bond hearing before an Immigration Judge. Cf. Buele Morocho v. Warden Philadelphia FDC, 189 F.4th 287 (3d Cir. 2026) (rejecting mandatory detention under § 1225(b)(2) for petitioners already residing within the United States); Alekseev v. Warden Phila. FDC, No. 26-0462, 2026 U.S. Dist. LEXIS 29893 (E.D. Pa. Feb. 13, 2026) (collecting cases). Indeed, on October 14, 2026, ICE provided E.A.A.M.

with an I-286 Form, through which he "request[ed] an [I]mmigration [J]udge [to] review [his] custody determination." (Doc. No. 8-1.)

E.A.A.M. thus "must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court." Ubaid v. Jamison, No. 26-2681, 2026 U.S. Dist. LEXIS 106445, at *5 (E.D. Pa. May 14, 2026); see Demirel v. Phila. FDC, 2025 U.S. Dist. LEXIS 226877, at *12 (§ 1226(a) provides for "a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond"). Accordingly, "the merits of [his] claims that he is being held in violation of federal law are no[t] ripe for review." Id. at *9 (citing Doe v. Jamison, No. 26-1906, 2026 U.S. Dist. LEXIS 68893, at *9 n.36 (E.D. Pa. Mar. 31, 2026)).

In these circumstances, I will deny E.A.A.M's Petition.

* * *

**AND NOW**, this 20th day of October 2026, upon consideration of E.A.A.M.'s Petition (Doc. No. 1), the Government's Response in Opposition (Doc. No. 8), and E.A.A.M.'s Memorandum Reply in Support of his Petition (Doc. No. 9) it is hereby **ORDERED** that the Petition (Doc. No. 1) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
**Paul S. Diamond, J.**